IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CFGENOME, LLC, a Delaware limited liability company; and DR. M. ROHAN FERNANDO, an individual;<br><br>        Plaintiffs/Counter Defendants,<br><br>vs.<br><br>STRECK, INC.,<br><br>        Defendant/Counter Claimant/Third Party Plaintiff<br><br>vs.<br><br>GARY KRZYZANOWSKI,<br><br>        Third Party Defendant. | 4:16CV3130<br><br>**MEMORANDUM AND ORDER** |

        Plaintiffs/Counter-Defendants CFGenome, LLC and Dr. M. Rohan Fernando, and Third Party Defendant Gary Krzyzanowski, (collectively "CFG") move for a protective order limiting the scope of discovery. Defendant/Counter Claimant/Third Party Plaintiff Streck, Inc. ("Streck") moves for leave to file a Second Amended Counterclaim and an Amended Third Party Complaint. For the reasons explained below, the motion to amend will be denied and the motion for a protective order will be granted, in part.

BACKGROUND

Plaintiffs/Counter-Defendants CFGenome, LLC and Dr. M. Rohan Fernando filed a Complaint for Declaratory Judgment on August 3, 2016. ([Filing No. 1](#)). Streck filed an Answer and Counterclaim on September 23, 2016. ([Filing No. 20](#)).

The basic facts of this case are set forth in the Memorandum and Order entered on July 26, 2017 ([Filing No. 51](#)), the Memorandum and Order entered on August 28, 2017 ([Filing No. 56](#)), and the Memorandum and Order entered on June 1, 2018 ([Filing No. 93](#)).

As ordered by the undersigned magistrate judge in August 2017, Streck was required to identify the alleged trade secret misappropriations and violations at issue, with reasonable particularity, before the parties began discovery. (See [Filing No. 56](#) at CM/ECF p. 8). The court's order stated that "Streck's particularized listing of trade secrets will serve to narrow and specify the scope of information at issue." (Id.)

On September 29, 2017, CFGenome and Fernando filed an Amended Complaint. ([Filing No. 58](#)). The same day, Streck filed an Amended Answer and Affirmative Defenses to Plaintiff's Complaint for Declaratory Judgment, an Amended Counterclaim, and a Third Party Complaint against Gary Krzyzanowski. ([Filing No. 59](#)). By stipulation of the parties, the Amended Counterclaim and Third-Party Complaint filed by Streck on September 29, 2017, were considered the operative pleadings. (Filing No. 68).

Consistent with Filing No. 56, Streck produced a 10-page list of the 77 trade secrets allegedly at issue in this case.[1] (See Filing No. 122-1 at CM/ECF p. 20). Streck's disclosure included a note, stating:

> Streck reserves the right to amend and/or supplement this Trade Secret Disclosure list as discovery progresses or if it determines the CFGenome parties have misappropriated other or additional trade secrets.

(Filing No. 122-1 at CM/ECF p. 29)

The parties filed a jointly proposed motion for protective order on June 13, 2018, which was granted and entered the following day. (Filing No. 95, Filing No. 96) The parties met and conferred on October 5, 2018, and they have exchanged correspondence regarding the scope of discovery and the breadth of the requests for production of documents served on both parties.

CFG filed a Motion for Protective Order (Filing No. 118) on November 13, 2018, requesting that the court set a "reasonable and proportional limitation on the scope of discovery to allow this matter to proceed in a fair, reasonable, and efficient manner." (Id. at CM/ECF p. 1). In support of its motion, CFG argues that Streck's discovery requests reach beyond the topics pleaded, and to information that is in Streck's control. CFG argues that "Streck demands discovery into every product developed by CFGenome, even products that are *not even mentioned* in Streck's operative pleading, notably molecular controls." (See Filing No. 121 at CM/ECF p. 4, (emphasis in original)). CFG asserts that Streck's Amended Counterclaim refers only to the CFGenome Blood EXO DNA ProTeck blood collection tube ("ProTeck"), and this "single product has been the focus of comparison by Streck" throughout this lawsuit. CFG asserts that Streck's trade secret list "spanned every single

---

[1] Streck's disclosure indicates the Trade Secret Disclosure List can be "taken alone and/or in various combinations." (filing No. 122-1 at CM/ECF p. 20)

aspect of the blood collection tube industry because those aspects *could be* at issue in the case." (Id. at CM/ECF p. 6). As a result, CFG refused to produce certain discovery in response to Streck's requests.

Streck objects to the proposed protective order and requests that the court order CFG to "produce documents relevant to the Trade Secrets at issue." ([Filing No. 133 at CM/ECF p. 3](#)). Streck argues that CFG's molecular control product line utilizes chemicals that were researched and tested at Streck while Fernando and Krzyzanowski were employed there, and that CFG has claimed that the development of ProTeck "was an extension of its molecular control research." Thus, Streck asserts that limiting discovery to one product and excluding molecular controls products is not proper, and CFG has not shown good cause for discovery to be limited.

On December 12, 2018, Streck filed a Motion for Leave to File a Second Amended Counterclaim and Third Party Complaint. ([Filing No. 140](#)). CFG opposes the motion. ([Filing No. 149](#)).

ANALYSIS

I. Motion to Amend the Pleadings

Although Streck's motion to amend was filed after CFG's motion for a protective order, this issue will be addressed first, as the operative pleading will affect the scope of permissible discovery.

Fed. R. Civ. P. 15(a)(2) provides that once the time for pleading as a matter of course has expired, amendments to pleadings are allowed only with the written consent of the opposing party or leave of the court.[1] In general, courts are

---
[1] Defendant's deadline for filing the motion to amend its counterclaim was December 21, 2018. See Filing No. [43](#), ¶2. Because Plaintiff's motion to amend was filed within the

4

encouraged to allow amendments liberally. (See Shen v. Leo A. Daly Co., 222 F.3d 472, 478 (8th Cir. 2000). However, the right to amend a complaint is not absolute, or without limits. See Sherman v. Winco Fireworks Inc., 532 F.3d 709 (8th Cir. 2008). The Eight Circuit Court of Appeals has discussed the circumstances under which an amendment may be denied:

> A district court can refuse to grant leave to amend a pleading only where it will result in undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.

Dennis v. Dillard Dept. Stores, Inc., 207 F.3d 523, 525 (8th Cir., 2000) (internal citations omitted), quoting Foman v. Davis, 371 U.S. 178 (1962). See also Amrine v. Brooks, 522 F. 3d 823 (8th Cir. 2008).

The decision on whether to allow a party to amend its complaint is left to the "sound discretion of the district court." Popoalii v. Correctional Medical Services, 512 F.3d 488 at 497 (8th Cir. 2008). "When late tendered amendments involve new theories of recovery and impose additional discovery requirements, appellate courts are less likely to hold a district court abused its discretion" in denying a motion to amend. Id.

Streck asserts that it should be granted leave to amend its pleadings because the proposed amendments do not add additional claims. While this may be true, by including additional products and product lines (e.g., molecular controls), the proposed amendments significantly broaden the scope of existing claims, and consequently broaden the scope of the necessary discovery. Allowing

---

allotted time, the proper standard for evaluating the propriety of the motion is found in Fed. R. Civ. P. 15(a)(2).

5

Streck to do so at this stage, over two years after the original Answer and Counterclaim was filed, would cause significant delays.

The court is unconvinced by Streck's argument that the reference in its pleadings to CFG's ProTeck blood collection tube is but "one example of a product offered by CFGenome and which Streck believes was developed by CFGenome using Streck Trade Secrets and other confidential information." ([Filing No. 141 at CM/ECF p. 3](#)). In its First Amended Counterclaim, Streck pled "CFGenome is attempting to operate in the same blood collection tube industry as Streck and sell substantially similar products in the same customer market as Streck." ([Filing No. 59 at CM/ECF p. 37](#) ¶ 152). Beyond this statement, there is no evidence that Streck's claims were intended to extend beyond ProTeck and blood collection tubes to CFGenome's other products or product lines.

Further, at the time of filing its initial Answer and Counterclaim in 2016, Streck was or should have been aware of Fernando's and Krzyzanowski's roles at Streck and the product lines to which they were exposed. Yet, the Cell-Free BCT product line (including Cell-Free DNA BCT and Cell-Free RNA BCT) is the only one directly referenced by Streck prior to the pending motion to amend, and it is the only product line Fernando or Krzyzanowski were directly linked to in the Amended Answer and Counterclaim and Third Party Complaint. ([Filing No. 59 at CM/ECF p. 12-13](#), 18, 52). If this was an oversight, Streck failed to cure this deficiency in amendments previously allowed.

In the Memorandum and Order filed on August 28, 2017, the undersigned magistrate judge noted that "[b]ased on a review of the pleadings and the supporting documents, the parties' dispute appears to center on Streck's BCT and the ProTeck BCT developed and marketed by CF Genome." ([Filing No. 56 at CM/ECF p. 6](#)) Further, the order stated, "it is not clear from the pleadings that

Streck is limiting its allegations to the Cell-Free DNA BCT® product line." ([Filing No. 56 at CM/ECF p. 8](#)).

Streck argues that the proposed amendments would clarify the pleadings, for the benefit of all parties. Streck asserts that it "submitted a detailed list of seventy-seven trade secrets to make it clear for purposes of discovery that Streck was not limiting its claims to one product line." ([Filing No. 153 at CM/ECF p.3](#)) Streck's first Amended Answer, Amended Counterclaim and a Third Party Complaint were filed on September 29, 2017. Those pleadings contain no mention of any product lines produced by Streck or CFG beyond the Cell-Free and ProTeck BCT products already at issue, and they contain no mention of molecular control products. (See [Filing No. 59](#)). If Streck wished to clarify the pleadings, to alert the parties and the court that it wished to pursue claims related to additional product lines, it should have amended its pleadings far earlier in this case. Permitting the expansive proposed amendment at this point would be unfairly prejudicial.

In its opposition to CFG's motion for a protective order, Streck alleged that through discovery and since filing the Amended Counterclaim, it "has discovered additional information that places CFGenome's molecular control product squarely at issue." ([Filing No. 133 at CM/ECF p. 3](#)7). However, Streck has cited no specific evidence which supports an expansion of the products identified in the initial pleadings or explaining when Streck knew those products were at issue. When Streck sought leave to amend its pleadings, it alleged that "according to publicly available patent applications, CFGenome's molecular control product line ostensibly uses chemicals that were extensively researched and tested at Streck while Dr. Fernando and Mr. Krzyzanowski were employed by Streck, which research has been identified as trade secrets at issue on Streck's Trade Secret List." ([Filing No. 141 at CM/ECF p. 4](#)). Streck has not alleged that these chemicals were developed by or unique to their company. Additionally, Streck has not

supported its assertions with affidavits or evidence that Fernando or Krzyzanowski were in any way involved in the research and development of molecular controls while employed by Streck. The mere fact that Fernando and Krzyzanowski were employed by Streck when certain chemicals were researched, without more, is not sufficient to warrant permitting an amendment to the pleadings over two years after the case was filed. Streck's motion to amend will be denied.

## II. Motion for Protective Order

CFG argues a protective order is necessary because the discovery sought by Streck amounts to a "fishing expedition" in search of any sign of wrongdoing on the part of CFGenome, Fernando, and Krzyzanowski in the development of products which compete or will compete with Streck's products. CFG asserts the discovery should be time-limited, and limited to specific products named in the operative pleadings.

CFG "believes that the only potentially relevant information to this dispute is information reflecting Dr. Fernando's and Mr. Krzyzanowski's activities during the year immediately following their departures from Streck and conceivably information related to the ProTeck DNA BCT." ([Filing No. 121 at CM/ECF pp. 10-11](#)). CFG asserts that Streck attempts to broaden discovery in this case to include all research and development undertaken by CFG over the last four years. CFG argues that Streck has not identified a single piece of physical or electronic information that was allegedly stolen by CFG, and it has not shown that CFG activities during the one-year following Fernando's departure from Streck were impermissible. ([Filing No. 121 at CM/ECF p. 13](#))

CFG asserts that until Streck can show a "single act of misappropriation or an actual act of misuse" of Streck's confidential information, CFG should not be

forced to expend the time, effort, and cost of producing its own confidential information to Streck.

　　A. Limiting the Scope of Discovery - Time

　　The parties appear to agree that Streck is entitled to full discovery on all work conducted by Fernando and Krzyzanowski for the one-year period following their departures from Streck. Paragraph 10 of Streck's third party complaint alleges that "On or around August 5, 2014, Mr. Krzyzanowski was terminated from his employment with Streck." (Filing No. 59 at CM/ECF p. 48) In his answer, Krzyzanowski admitted the allegations contained in Paragraph 10. (Filing No. 71 at CM/ECF p. 3) The parties disagree as to the final date Fernando was employed by Streck.

　　CFG argues that Streck is attempts to mislead the court by suggesting that September 30, 2014 was Fernando's last day of employment, and therefore the relevant "start date" for the one-year holdover provision. Streck admitted and affirmatively pled that Fernando resigned from Streck on September 2, 2014. ([Filing No. 59 at CM/ECF p. 3](), [Filing No. 59 at CM/ECF p. 17](), [Filing No. 69 at CM/ECF p. 3]()). Consistent with a September 2, 2014 resignation date, CFG states:

> Streck has in its possession and knowledge *everything* that Dr. Fernando and Mr. Krzyzanowski were doing through September 2, 2014, the last date of employment with Streck for either individual (Mr. Krzyzanowski was fired the month prior). In addition, Streck has in its possession and knowledge *everything* that Dr. Fernando and Mr. Krzyzanowski were doing from the date of Dr. Fernando's last date of employment, September 2, 2014, through September 2, 2015.

(Filing No. 136 at CM/ECF p. 2).

　　However, Streck argues that Fernando's resignation was effective September 30, 2014. Streck filed an exhibit in opposition to the CFG's motion for

9

protective order, which purports to be Fernando's resignation letter. In it, Fernando states "I am resigning from my position as Senior Research and Development Scientist, effective September 30, 2014." ([Filing No. 131-2 at CM/ECF p. 7](#)). See also, ([Filing No. 140-1 at CM/ECF p. 13](#) (Streck's proposed Second Amended Counterclaim and Amended Third Party Complaint, alleging "On or about September 2, 2014, Dr. Fernando resigned from Streck. The resignation letter he drafted and submitted to Streck listed September 30, 2014 as the date when it was to be effective.") (emphasis in original).

At this time, the court will not decide the exact date of Fernando's departure from Streck. Rather, the court finds it is not unduly burdensome to require CFG to provide additional discovery materials related to the work conducted by Fernando for the approximately four weeks between September 2, 2015 and September 30, 2015. Discovery will be limited to the period between September 2, 2014 and September 30, 2015.

B. Limiting the Scope of Discovery – Relevant Products/Product Lines

Streck argues that while there is a one-year "holdover" term in the applicable agreements, Fernando and Krzyzanowski have an obligation not to disclose confidential information that goes beyond the one-year term. Streck argues that CFG placed all of its products at issue in its request for declaratory judgment and its affirmative defenses, and that it has offered to limit discovery to the development of product lines that use the technology at issue in this litigation, namely blood collection tubes and molecular controls. ([Filing No. 133 at CM/ECF p. 30](#)).

Parties may discover relevant, unprivileged information that is admissible at trial or reasonably calculated to lead to admissible evidence. [Fed.R.Civ.P. 26(b)(1)](#).

10

> Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence. Kramer v. Boeing Co., 126 F.R.D. 690, 692 (D.Minn.1989) (and cases cited therein). While the standard of relevance in the context of discovery is broader than in the context of admissibility (Rule 26(b) clearly states that inadmissibility is no grounds for objection to discovery), Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978), Culligan v. Yamaha Motor Corp., USA, 110 F.R.D. 122 (S.D.N.Y.1986), this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.

Doe v. Nebraska, 788 F.Supp.2d 975 (2011), quoting Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir.1992).

Once the requesting party meets the threshold relevance burden, "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing to bear that burden." Doe v. Nebraska 788 F. Supp. at 980-981.

CFG asserts Streck's claims focus only on the ProTeck product, and neither the pleadings nor the trade secret list place "controls" at issue in this case. (Filing No. 19 at CM/ECF pp. 8-9, Filing No. 121 at CM/ECF p. 11). CFG argues that "the discovery of [CFG]'s research and development regarding anything other than [ProTeck] and [CFG]'s activities until September 2015 is irrelevant and disproportional to the needs of the case because these products are not important in resolving the claims and defenses placed at issue by Streck." (Filing No. 121 at CM/ECF p. 13). CFG argues that Streck's requests are contrary to Nebraska policy

promoting fair competition and run "afoul of the rules of discovery." ([Filing No. 121 at CM/ECF p. 12](#)).

Streck asserts that "limiting discovery to one product only, when the Trade Secrets and underlying technology at issue are broader than product names, would impair Streck's ability to prove its trade secrets claims in this case and defend against the declaratory judgment sought by Plaintiffs." ([Filing No. 133 at CM/ECF p. 5](#)) Streck argues that the reference to CFG's ProTeck product is *an example* of a product offered by CFG and that this reference in no way limited the pleadings to ProTeck only. Rather, it argues the trade secret list identifies the trade secrets to which Fernando and Krzyzanowski had access, and which Streck believes to be at issue. ([Filing No. 133 at CM/ECF p. 19](#)) This information, it alleges, can be used for the ProTeck product, as well as other potential lines of products, "including other blood collection tubes, molecular controls, and assay products." (Id.) Streck further argues that by "filing an unusually broad declaratory judgment action," CFG intentionally placed all of these products at issue. (Id.)

As previously discussed, Streck's motion to amend will be denied, and the operative pleadings do not include references to products other than CFG's ProTeck BCT, and Streck's BCT. The only type of product described in CFG's complaint for declaratory judgment is a chemical composition used to stabilize samples in a blood collection tube, a description which applies to both CFG's and Streck's BCT products.

Streck's discovery requests seek information which is outside of the scope of the pleadings. As potential competitors in multiple product markets, CFG has shown that if the scope of discovery is not limited to the pleadings, CFG will be subject to undue burden and expense, as well as the potential unnecessary disclosure of its own trade secrets and confidential information. A court will enter an order protecting a party from certain types of discovery only upon a showing of

12

good cause. See Fed. R. Civ. P. 26(c). The party seeking the protective order bears the burden of demonstrating the existence of good cause for the entry of such an order. See Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 926 (8th Cir. 1999). The scope of discovery will be limited to only what is relevant to the ProTeck product line, because expanding the scope of discovery beyond would be disproportionate to the relevant claims, counterclaims, and defenses pled. (See Fed. R. Civ. P. 26(c)(1)(D)).

### C. Limiting Discovery as to Certain Claims

In it's brief, CFG "requests the Court Order that Streck may only discover… narrow information related to Streck's false advertising, copyright, and trademark claims (Counts VI-VIII of Doc. No. 59)." (Filing No. 119 at CM/ECF p. 16) This request is made in the introduction and conclusion of CFG's brief, but it is not otherwise mentioned or argued. To the extent that CFG raises this as an issue that is separate and distinct from the subjects already discussed, this request will not be considered.

### D. Limiting the Number of Interrogatories

In its brief, Streck stated that CFG "requested an unspecified number of additional interrogatories." (Filing No. 133 at CM/ECF p. 35) This does not appear to be an accurate interpretation of CFG's brief. Rather, CFG used the number of interrogatories to demonstrate that there were practical concerns with the number of items on Streck's trade secret list[2].

---

[2] In its brief, CFG asserts that based upon the interpretation of each interrogatory, the number of interrogatories allowed may not be enough to sufficiently address Streck's seventeen claims for relief. Filing No. 121 at CM/EC p. 15.

13

Because neither party explicitly requests additional interrogatories, this issue will not be addressed at this time.

IT IS ORDERED:

1) Plaintiff's Motion to Amend ([Filing No. 140](#)) is denied.

2) CFG's motion for protective order is granted in part and denied in part as follows:

    a. CFG shall comply with the discovery served on it, but only to the extent that the Streck seeks information related to the Pro Teck product line, not to include molecular controls.

    b. CFG shall provide full discovery of all work conducted by Fernando for the period between September 2, 2014 and September 30, 2015.

    c. In all other respects, and as to Streck's requests for any other documents or information related to additional products and product lines, CFG's motion for protective order is granted.

Dated this 25th day of February, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge