IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CFGENOME, LLC, a Delaware limited liability company, and DR. M. ROHAN FERNANDO, an individual,<br><br>Plaintiffs and counterclaim defendants,<br><br>vs.<br><br>STRECK, INC.,<br><br>Defendant, counterclaimant, and third-party plaintiff,<br><br>vs.<br><br>GARY KRZYZANOWSKI<br><br>Third-party defendant. | 4:16-CV-3130<br><br>ORDER |

This matter is before the Court on the objection (filing 247) of "interested party" Stacy Ryan to the Magistrate Judge's order (filing 246) denying Ryan's motion (filing 244) to remove access restrictions on certain filings and, in the alternative, for leave to intervene. Ryan also moves to supplement the record with a declaration that was not presented to the Magistrate Judge.[1]

---

[1] Ryan seeks leave to offer her declaration in support of her objection, despite the fact that parties may not offer additional evidentiary materials in support of an objection without a court order. NECivR 72.2. The Court could readily deny the motion, as Ryan hasn't shown she couldn't have offered the same evidence in support of her motion in the first instance.

The Court will overrule Ryan's objection.[2] The Court may reconsider a Magistrate Judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). The Magistrate Judge's order here was neither.

The Court notes Ryan's argument that the Magistrate Judge's order requires *de novo* review because the order denied the only relief that Ryan sought in this case. The Court disagrees. Ryan's argument is a tautology: If all it takes for an order to be "dispositive" is that it disposes of everything the motion asked for, every motion is potentially dispositive.

Instead, courts typically consider the merits of the case in deciding whether a motion should be characterized as dispositive. *Strike 3 Holdings, LLC v. Doe*, 330 F.R.D. 552, 554 (D. Minn. 2019). Here, the Magistrate Judge's order disposed of no claims for relief or defenses on the merits. *See, generally*, Fed. R. Civ. P. 8. Motions to seal or unseal documents are squarely in the Magistrate Judge's lane. *See In re Ohio Execution Protocol Litig.*, No. 21-3330, 2022 WL 2317856, at *2 (6th Cir. June 28, 2022); *Dauphin v. Hennager*, 727 F. App'x 753, 755 (4th Cir. 2018). Similarly, a motion to intervene is considered a pretrial matter and "is not considered dispositive of a claim or defense of a party. *DeGeer v. Union Pac. R.R. Co.*, No. 8:23-CV-10, 2026 WL 2731250, at *1 (D. Neb. Sept. 16, 2026).

---

But the Court will accept the declaration, because nothing in it demonstrates error on the part of the Magistrate Judge.

[2] Ryan complains that the Magistrate Judge acted on her motion without calling for a response, filing 247-1 at 8, so the Court explains why it has done the same with her objection: This case has been closed for years, and the Court sees no need to drag lawyers who aren't party to any pending litigation back into a case that they settled out of long ago.

Had Ryan's motion been brought while the parties were still contesting the merits of this case, there is no question that the Magistrate Judge's denial of the motion would have been considered non-dispositive. The fact that Ryan's motion was brought several years after the case was actually disposed of on the merits doesn't make it *more* dispositive—if anything, it's less so, because the merits have been resolved. But regardless, the Court has carefully reviewed Ryan's motion—including her belated declaration—and would reach the same conclusion under any standard of review. Accordingly,

IT IS ORDERED:

1. Interested party Stacy Ryan's motion for leave to file a declaration *instanter* (filing 248) is granted.

2. Ryan's objection (filing 247) is overruled.

Dated this 28th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge